**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 94-60379

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RODRIGUEZ-GUZMAN, a/k/a
ARTURO NEGRETE-LOPEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

( June 6, 1995 )

Before POLITZ, Chief Judge, EMILIO M. GARZA and STEWART, Circuit
Judges.

POLITZ, Chief Judge:

Jose Rodriguez-Guzman appeals the district court's 16 point
increase in his base offense level computation under § 2L1.2 of the
United States Sentencing Guidelines.  Finding no error, we affirm.

## Background

In June of 1990, police in Dallas County, Texas arrested
Rodriguez while he was removing property from a nonresidential

building. Rodriguez pled guilty to felony burglary[1] and was sentenced to five years probation and a $500 fine. He was then deported by the Immigration and Naturalization Service.

Rodriguez reentered the United States without authorization and, on October 1, 1991, was arrested for breaking into an unoccupied pickup truck and removing $445 worth of property. Rodriguez again pled guilty to felony burglary.[2] This time he was sentenced to five years imprisonment. His probation for the 1990 burglary was revoked and he was sentenced thereon to a concurrent five year term of imprisonment.

Rodriguez was released from prison on October 4, 1993. One week later the INS ordered his deportation. He was deported through Laredo, Texas on the morning of October 13; at 11:00 pm that very evening the Border Patrol apprehended Rodriguez on a north bound freight train near Encinal, Texas.

Rodriguez pled guilty to one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326(b). The district court calculated the sentencing range using a base offense level of 8, increased 16 levels under U.S.S.G. § 2L1.2(b)(2) for his prior deportation after conviction for an aggravated felony, and decreased 3 levels for acceptance of responsibility. This guidelines calculation resulted in a sentencing range of 70 to 87

---

[1]Tex. Penal Code Ann. §30.02 (West 1994).

[2]Tex. Penal Code Ann. §30.04 (pre-1994 amendment)(classifying burglary of a vehicle as a third degree felony). This provision has been amended to classify burglary of a vehicle as a Class A misdemeanor. Tex. Penal Code Ann. §30.04 (West 1994).

months.  Rodriguez objected to the offense level computation, contending that his prior convictions for burglary were not aggravated felonies and that the increase should have been limited to four levels under § 2L1.2(b)(1).  That objection was rejected and Rodriguez was sentenced to 70 months imprisonment followed by 3 years of supervised release.  He timely appealed his sentence.

## Analysis

Rodriguez first contends that the district court erred as a matter of law when it determined that his prior convictions for burglary were aggravated felonies justifying a 16 level increase under § 2L1.2(b)(2).  He maintains that neither the burglary of a nonresidential structure nor the burglary of a vehicle is an aggravated felony as that term is defined in the sentencing guidelines, and that the increase of his offense level should therefore have been limited to the four level adjustment set forth in § 2L1.2(b)(1).

We review this challenge to the district court's application of the sentencing guidelines de novo, accepting the trial court's factual findings unless clearly erroneous.[3]  Section 2L1.2(b)(2) provides for a 16 point increase in the base offense level "[i]f the defendant previously was deported after a conviction for an aggravated felony."[4]  Application Note 7 to § 2L1.2 defines "aggravated felony" in part as "any crime of violence (as defined

---

[3]**United States v. Martinez**, 954 F.2d 1050 (5th Cir. 1992).

[4]U.S.S.G. §2L1.2(b)(2) (1994).

in 18 U.S.C. § 16, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years."[5]  Under 18 U.S.C. § 16 a "crime of violence" includes:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the <u>person or property of another</u>, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force <u>against the person or property</u> of another may be used in the course of committing the offense[6] (emphasis added).

To obtain a conviction under the two pertinent Texas burglary statutes, the state need not prove the use, attempted use, or threatened use of physical force against the person or property of another.[7]  Therefore, neither of Rodriguez's burglary convictions is a crime of violence as defined in subsection (a) of 18 U.S.C § 16.  Subsection (b), however, provides a broader definition of a crime of violence, extending it to felony offenses involving a substantial risk that physical force <u>may</u> be used against the property of another.  A plain reading of subsection (b) mandates the conclusion that the district court did not err in ruling that a burglary of a nonresidential building or of a vehicle falls within the definition.

By its very terms, subsection (b) requires only a substantial

---

[5]**Id.** cmt. n. 7.

[6]18 U.S.C. §16(a)&(b) (1988).

[7]<u>See</u> **Clark v. State**, 667 S.W.2d 906 (Tex. Ct. App. 1984)(building); **Richardson v. State**, 888 S.W.2d 822 (Tex. Crim. App. 1994)(vehicle).

4

risk that physical force <u>may</u> be used during the commission of the crime.  A substantial risk that an event <u>may</u> occur does not mean that it <u>must</u> occur in every instance; rather, a substantial risk requires only a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur.[8]  Under subsection (b), that application of physical force can be to either a person <u>or</u> <u>property</u>.  Thus, unlike some other provisions of the sentencing guidelines,[9] the scope of a crime of violence under § 2L1.2 is not limited to crimes involving a substantial risk of harm to persons alone.

As the facts surrounding Rodriguez's burglary convictions amply demonstrate, the burglary of a nonresidential building or of a vehicle often involves the application of destructive physical force to the property of another.[10]  We perceive no error in the district court's recognition of this risk or its conclusion that these types of burglaries fall within the definition of a crime of

---

[8]We perforce interpret "force" to mean more than the mere asportation of some property of the victim. The clear import of defining a "crime of violence" is that "force" as used in the definition is synonymous with destructive or violent force.

[9]<u>Cf.</u> U.S.S.G. §4B1.2(1)(limiting crimes of violence to those crimes involving the use or risk of use of physical force against persons).

[10]Rodriguez was first arrested and convicted for burglary after officers found him removing property from a building which he had entered by breaking open a glass front door. Rodriguez was arrested and convicted on a second count of burglary after officers witnessed him smashing the window of a truck to steal property therein.

violence found in § 16(b).[11]

Rodriguez insists that despite the language of § 16(b), we should treat burglaries of nonresidential property differently than burglaries of dwellings where the risk of physical harm to humans is greater. He contends that we have recognized this distinction in other cases and should do so again here.[12] We must, however, decline Rodriguez's invitation to impose a distinction not apparent in the text of § 16(b).[13] His suggested approach effectively would read out of § 16(b) that portion of the statute extending the definition of a crime of violence to those crimes which involve a substantial risk of the application of force to the property of another. We conclude, therefore, that the felony burglaries of a nonresidential building and of a vehicle under the Texas Penal Code are crimes of violence as defined in 18 U.S.C. § 16(b)[14] and thus

---

[11]**United States v. Maul-Valverde**, 10 F.3d 544, 545 n. 1 (8th Cir. 1993)(noting that under §16, "all burglaries are aggravated felonies."); **United States v. Frias-Trujillo**, 9 F.3d 875 (10th Cir. 1993).

[12]See **United States v. Jackson**, 22 F.3d 583 (5th Cir. 1994)(interpreting U.S.S.G. §2K2.1).

[13]**United States v. Harris**, 25 F.3d 1275, 1279 (5th Cir.)("[T]he meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms.") (quoting **Meredith v. Time Ins. Co.**, 980 F.2d 352, 356 (5th Cir. 1993)), **cert. denied**, 115 S.Ct. 458 (1994).

[14]We are aware of this court's prior observation in dicta that "the burglary of a building does not always constitute a crime of violence, and thus the sentencing court may need to examine the facts underlying the conviction." **United States v. Guadardo**, 40 F.3d 102, 105 (5th Cir. 1994)(holding that burglary of a residence is a crime of violence per se). Now that we are obliged to face the issue squarely, we see no reason to require

aggravated felonies justifying a 16 level increase under § 2L1.2(b)(2).

Rodriguez finally contends that the district court erred in failing to recognize the Texas Legislature's recent reclassification of burglary of a vehicle from a felony to a Class A misdemeanor. He maintains that the district court should have applied this change retroactively, thus viewing as a misdemeanor his 1991 felony conviction for the burglary of the pickup truck.

Rodriguez did not raise this issue before the district court and we therefore may review it only for plain error.[15] Assuming, purely arguendo, that the district court erred in failing to apply the new statute retroactively, Rodriguez has not demonstrated sufficient prejudice to support a finding of plain error.[16] Today's disposition concludes that the 1990 burglary conviction independently supports the 16 point increase in the offense level.

The sentence is AFFIRMED.

---

the district court to undertake a fact-specific inquiry into each conviction. If a crime by its nature presents a substantial risk that force will be used against the property of another, then it falls within the ambit of §16(b) whether such force was actually used in the crime. See **United States v. Flores**, 875 F.2d 1110, 1113 (5th Cir. 1989) (commenting on the terms of §16 that "[a]ny burglary might be covered under this language."); **Frias-Trujillo**, 9 F.3d at 877 ("There is no indication that Congress intended 'that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case.'") (quoting **Taylor v. United States**, 495 U.S. 575, 601 (1990)).

[15]**United States v. Calverly**, 37 F.3d 160 (5th Cir. 1994)(en banc), cert. denied, 119 S.Ct. 1266 (1995).

[16]See **Id.**

7