# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————————

No. 98-51003
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GILBERTO DELGADO-ENRIQUEZ,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Western District of Texas

———————————————

September 10, 1999

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Gilbert Delgado-Enriquez ("Delgado") pleaded guilty to illegal re-entry as a deported alien in violation of 8 U.S.C. § 1326. He appeals the sixteen-level enhancement of his sentence, arguing that his previous conviction of first degree criminal trespass is not an aggravated felony within the meaning of U.S.S.G. § 2L1.2(b)(1)(A). We affirm.

I.

In March 1998, Delgado applied for admission to the United States from Mexico, presenting a resident alien card that did not belong to him. He admitted to using his brother's documents and that he was a native and citizen of Mexico. Immigration records showed that he had been removed from the United States in November 1995 after having been convicted in the United States of first degree criminal trespass.

Delgado was indicted for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. A notice informed him he would be

subject to enhanced penalties upon conviction because of his previous conviction. He pleaded guilty in August 1998.

Under the 1997 version of the United States Sentencing Commission Guidelines Manual, the offense level for Delgado's illegal re-entry conviction was calculated under U.S.S.G. § 2L1.2. The pre-sentence report ("PSR") recommended that sixteen levels be added to the base offense level of 8 because the conviction of first degree criminal trespass is an aggravated felony within the meaning of U.S.S.G. § 2L1.2(b)(1)(A). The PSR also recommended, however, that the court reduce the offense level by three for acceptance of responsibility under U.S.S.G. § 3E1.1.

Delgado objected to the sixteen-level enhancement, arguing that his conviction for first degree criminal trespass did not rise to the level of "aggravated felony." The court overruled his objection, stating "The fact remains that he broke into the house and he remained there with intent to commit theft or other things . . . ." Delgado was then sentenced to seventy months in prison followed by three years of supervised release.

## II.
### A.

A sentence must be affirmed unless it was imposed in violation of the law or was based on an erroneous application of the sentencing guidelines. *United States v. Galvan-Rodriguez*, 169 F.3d 217, 218 (5th Cir. 1999), *petition for cert. filed* (May 20, 1999) (No. 98-9509). We review a challenge to an interpretation of the Guidelines *de novo. Id.*

### B.

Under § 2L1.2, a defendant who is found guilty of unlawfully entering the United States after being previously deported on the basis of a criminal conviction may receive a sixteen-level enhancement if the previous conviction was an aggravated felony.[1] The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, comment. n.1.

The government asserts that Delgado's offense should be construed as a "crime of violence" under § 1101(a)(43)(F). This subsection provides that a "crime of violence" is an aggravated felony when it meets the definition found in 18 U.S.C. § 16 for non-political offenses for which the term of imprisonment is more than one year. Section 16 defines a crime of violence as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[1] *United States Sentencing Commission, Guidelines Manual*, § 2L1.2(b)(2) (Nov. 1998). The commentary to § 2L1.2 was amended on November 1, 1997, to delete application notes 6-7. *See* U.S.S.G. Manual, Appendix C, amend. 562 (Nov. 1997). As a result, the definition of "aggravated felony" in the guidelines conforms to the amended definition of the same term in the Illegal Immigration and Immigrant Responsibility Act, Pub. L. 104-208, 110 Stat. 3009, which is still found at 8 U.S.C. § 1101(a)(43). Delgado was sentenced after the new amendments became effective on November 1, 1997, so we rely on the amended definition of aggravated felony. For purposes of this appeal, the new amendments do not change the analysis of § 2L1.2(b) that we announced in cases such as *Galvan-Rodriguez,* because we rely on portions of § 1101(a)(43) that have not been changed.

(b) any other offense that is a felony and that, *by its nature*, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (1994) (emphasis added).

As we held in *United States v. Velazquez-Overa*, 100 F.3d 418, 421 (5th Cir. 1996), the phrase "by its nature" requires courts to determine whether an offense constitutes a crime of violence without examining the underlying facts surrounding the conviction. *Galvan-Rodriguez*, 169 F.3d at 219. This categorical approach requires courts "only to consider the fact that [the defendant] was convicted and the inherent nature of the offense." *Id.*

## C.

Delgado contends that because there is no strong probability that physical force will be used in a criminal trespass offense, his prior conviction cannot be considered a crime of violence within the meaning of 18 U.S.C. § 16(b). He points out because his guideline range would have been 21 to 27 months without the sixteen-level enhancement for aggravated felony, he was harmed by the alleged misapplication of the Guidelines.

We have not heretofore considered whether criminal trespass qualifies as a crime of violence for purposes of § 16. In previous cases, however, this court has found that a burglary of a vehicle,[2] a burglary of a non-residential building,[3] and the unauthorized use of a motor vehicle[4] are crimes of violence under § 16(b), and, therefore, aggravated felonies under § 2L1.2. In all of these cases, we found that because the criminal act at issue created a "substantial risk that physical force will be used against the person or property of another in the course of committing the offense," § 16(b), these crimes qualified as crimes of violence for purposes of § 16(b).

Delgado's trespass conviction was under Colorado law, under which a "person commits the crime of first degree criminal trespass if he knowingly and unlawfully enters or remains in a dwelling or if he enters any motor vehicle with intent to steal anything of value." COLO. REV. STAT. ANN. § 18-4-502 (West 1991). We must decide whether committing criminal trespass, by its very nature, creates a substantial risk that the perpetrator will use physical force against the person or property of another." When analyzing the phrase "substantial risk," we have stated that it is not necessary that the risk "must occur in every instance; rather a substantial risk requires a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur." *Rodriguez-Guzman*, 56 F.3d at 20.

The court did not err when it found that the act of criminal trespass, which specifically requires entering or remaining in the dwelling of another, is a crime of violence under § 16(b). Entering or remaining in a dwelling of another creates a substantial risk that physical force will be used against the residents in the dwell-

---

[2] *Galvan-Rodriguez*, 169 F.3d at 219.

[3] *United States v. Ramos-Garcia*, 95 F.3d 369, 371 (5th Cir. 1996), *cert. denied*, 519 U.S. 1083 (continued...)

---

(...continued)
(1997).

[4] *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995).

3

ing. Indeed, even when the perpetrator has illegally entered a nonresidential building, we have found a "substantial risk of physical force" being used against the *property* of another. *Rodriguez-Guzman*, 56 F.3d at 11. Therefore, we conclude that criminal trespass is a crime of violence within the meaning of § 16(b) and an aggravated felony for purposes of § 2L1.2(b)(1)(A).[5]

AFFIRMED.

---

[5] There is also some indication that trespass has been considered a crime that may invoke violence. *See*, *e.g.*, LA. REV. STAT. ANN. § 14:19 (West 1999) (providing that the use of force or violence is justifiable to prevent a forcible offense or trespass against property in a person's lawful possession); *Bell v. Maryland*, 378 U.S. 226, 328 n.15 (1964) (noting that historians of early English law have concluded that "'to allow men to make forcible entries on land . . . is to invite violence'") (citation omitted); *Castillo v. First City Bancorporation, Inc.*, 43 F.3d 953 (5th Cir. 1994) (noting in civil context that common law actions in civil trespass involved some violence, although the amount might be minimal).