IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30899
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOAN HEBERT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-257-2-F
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges

PER CURIAM:[*]

    Joan Hebert appeals the sentence imposed for her convictions of possession with the intent to distribute cocaine base and cocaine powder in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  She argues that the district court clearly erred in finding that she had occupied a supervisory role in the illicit enterprise.

    This court reviews the sentencing court's application of the sentencing guidelines de novo and accepts the sentencing court's

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings of fact unless they are clearly erroneous. <u>United States v. Rodriquez-Guzman</u>, 56 F.3d 18, 20 (5th Cir. 1995).

The sentencing guidelines mandate a two-level increase in the defendant's offense level if the defendant was "an organizer, leader, manager, or supervisor in any criminal activity" involving fewer than five participants. <u>See</u> § 3B1.1(c). To qualify for this adjustment, "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." § 3B1.1, comment. (n.2). A sentencing court's determination that a defendant played a leadership role is a factual finding reviewable only for clear error. <u>See</u> <u>United States v. Parker</u>, 133 F.3d 322, 329 (5th Cir.), <u>cert. denied</u>, 523 U.S. 1142 (1998). The district court's findings are not clearly erroneous if they are plausible in light of the record viewed in its entirety. <u>See</u> <u>United States v. Kelley</u>, 140 F.3d 596, 609 (5th Cir.), <u>cert. denied</u>, 525 U.S. 908 (1998).

Viewed as a whole, the record contains sufficient reliable evidence to support the district court's finding that Hebert played a supervisory role in the offense. <u>See</u> <u>United States v. Powell</u>, 124 F.3d 655, 667 (5th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1130 (1998). Accordingly, her sentence is

AFFIRMED.