UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 99-60458
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLEN FREDERICK DIXON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(4:98-CR-ALL-WS)
_____
July 7, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Glen Frederick Dixon, Sr., appeals his jury-trial conviction and sentence for stabbing Officer Bradley Alex with the intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(a)(3).

Dixon contends the district court erred in enhancing his sentence three levels, pursuant to U.S.S.G. § 3A1.2(b), for resisting arrest. He claims the altercation did *not* occur during a valid stop because the officer did *not* have a warrant with him and was unsure whether there was one at the station.

We review the sentencing court's application of the Sentencing Guidelines *de novo* and accept its fact-findings unless they are

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clearly erroneous. **United States v. Rodriguez-Guzman**, 56 F.3d 18, 20 (5th Cir. 1995). Of course, we defer to its credibility determinations. *E.g.,* **United States v. Sotelo**, 97 F.3d 782, 799 (5th Cir. 1996).

At the sentencing hearing, the court noted it had heard Officer Alex's testimony at trial and found the offense occurred while Dixon was resisting arrest, indicating it believed the Officer's testimony. Dixon has *not* demonstrated that this finding was clearly erroneous.

Dixon maintains also that, prior to or during trial, the district court should have ordered, *sua sponte*, a mental competency examination pursuant to 18 U.S.C. § 4241. We review such failure for abuse of discretion. **United States v. Davis**, 61 F.3d 291, 303 (1995).

In his six-line appellate argument, Dixon alludes to testimony concerning his substance abuse and resulting impairment to his mental condition, mentions that his behavior at trial was erratic, and refers to an attempted suicide. However, Dixon failed to provide any citations to the record in support of these contentions. For an argument to be reviewed on appeal, it must contain citations to the part of the record relied upon. FED. R. APP. P. 28(a)(9)(A). Because it is *not* adequately briefed, the issue is considered waived. *See* **United States v. Gourley**, 168 F.3d 165, 172-73 n.11, *cert. denied*, 120 S. Ct. 72 (1999). And, because the suicide attempt, and resulting mental examination, occurred *after* trial, the district court could *not* have relied on it as

justification for questioning Dixon's competency to earlier stand trial.

                                                                    ***AFFIRMED***