**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-40537
Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

                                          **Plaintiff-Appellee,**

**versus**

**OWEN GARTH HINKSON, also known as Charles M. Williams,**

                                          **Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-134-2
--------------------
February 1, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Owen Garth Hinkson appeals his sentence for illegal reentry into the United States after deportation.  Hinkson argues that: (1) the district court erroneously enhanced his prior conviction for assault and battery on a police officer; (2) the district court erred in enhancing his instant sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A); and (3) the district court erred in failing to void 18 U.S.C. § 1101(a)(43)(F) and U.S.S.G. §§ 2L1.2 & 4B1.2 for unconstitutional vagueness.

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hinkson's first argument was not raised in the district court and is, therefore, reviewed for plain error. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). There is no merit to Hinkson's contention that the district court enhanced his prior conviction for assault and battery on a police officer. Rather, the district court enhanced Hinkson's instant sentence for illegal reentry based on its determination that his deportation followed his aggravated felony conviction for assault and battery on a police officer. See U.S.S.G. § 2L1.2(b)(1)(A). The district court did not plainly err in this regard. See Krout, 66 F.3d at 1434 (holding that plain error requires a clear or obvious error that affected the defendant's substantial rights).

Hinkson's assertion that the district court erred in applying U.S.S.G. § 2L1.2(b)(1)(A) is based on his claim that under United States v. Delgado-Enriquez, 188 F.3d 592, 594 (5th Cir. 1999), his conviction for assault and battery on a police officer was not an aggravated felony because it carried a sentence of only one year. In Delgado-Enriquez, 188 F.3d at 594, this court paraphrased 18 U.S.C. § 1101(a)(43)(F) by stating that "a 'crime of violence' is an aggravated felony when it meets the definition found in 18 U.S.C. § 16 for non-political offenses for which the term of imprisonment is more than one year." The Delgado-Enriquez decision, however, did not turn on whether the offense at issue carried an imprisonment term of one year or more than one year. 188 F.3d at 595.

Moreover, in a decision rendered prior to Delgado-Enriquez, this court recognized that 8 U.S.C. § 1101(a)(43)(F)

2

defines the term "aggravated felony" to include a crime of violence carrying a sentence of "'at least one year.'" See United States v. Banda-Zamora, 178 F.3d 728, 729-30 (5th Cir. 1999). To the extent that these two decisions conflict, Banda-Zamora, as the earlier opinion, controls. See United States v. Jackson, 220 F.3d 635, 639 (5th Cir. 2000). Thus, the district court did not err in applying U.S.S.G. § 2L1.2(b)(1)(A) to enhance Hinkson's sentence.

Finally, Hinkson's unconstitutional vagueness arguments, which were raised for the first time on appeal, are without merit. Hinkson's void-for-vagueness challenge to 18 U.S.C. § 1101(a)(43)(F) based on a missing word in that provision was rejected by this court in Banda-Zamora, 178 F.3d at 729-30. And Hinkson's unconstitutional vagueness argument with respect to U.S.S.G. §§ 2L1.2 & 4B1.2 is unfounded because he is challenging sentencing guidelines, not a criminal statute. See United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990) ("Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall"); United States v. Arevalo-Sanchez, No. 98-20093, p. 3 (5th Cir. Sept. 23, 1998) (unpublished). The district court did not plainly err in failing to void 18 U.S.C. § 1101(a)(43)(F) and U.S.S.G. §§ 2L1.2 & 4B1.2 for unconstitutional vagueness. See Krout, 66 F.3d at 1434.

**AFFIRMED.**