In the

# United States Court of Appeals

## For the Seventh Circuit

No. 04-2969

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BENJAMIN GARDNER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:04CR00058-001—**Sarah Evans Barker**, *Judge.*

ARGUED DECEMBER 15, 2004—DECIDED FEBRUARY 22, 2005

Before BAUER, COFFEY, and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* Benjamin Gardner pleaded guilty
to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1),
and stealing firearms from a licensed firearms dealer, *id.*
§ 922(u). The parties agreed that the sentencing guide-
lines applied but disagreed whether Gardner's prior con-
viction for Residential Entry under Indiana law constituted
"a crime of violence" under U.S.S.G. § 4B1.2, which would
affect Gardner's base offense level under U.S.S.G. § 2K2.1.
The district court concluded that the conviction did consti-
tute a crime of violence and sentenced Gardner to 108
months' imprisonment. Gardner appeals, and we affirm.

Gardner and two accomplices burglarized a firearms
dealer in Indiana. At sentencing the parties disagreed

on the appropriate base offense level under U.S.S.G. § 2K2.1. Section 2K2.1 instructs the sentencing court to assess a base offense level of 20 for defendants with one prior felony conviction for a crime of violence or a base offense level of 24 after two such convictions. The parties agreed that Gardner was convicted of a crime of violence in 1990, a burglary, but disagreed about the characterization of his 1993 conviction for Residential Entry. That offense, a felony under Indiana law, is defined as intentionally breaking and entering a dwelling. Ind. Code § 35-43-2-1.5 (1993).

The district court, in concluding that the 1993 conviction is a crime of violence, relied on our analysis in *United States v. Howze*, 343 F.3d 919 (7th Cir. 2003), which holds that flight to avoid the police is categorically a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The court reasoned that, "in the same way that flights to avoid arrest are crimes of violence," there is inherent in Residential Entry "the serious potential risk of physical injury to another." The court then set Gardner's base offense level at 24 and, based on a total offense level of 25 after other adjustments and a criminal history category of V, sentenced Gardner to 108 months' imprisonment on each count, to run concurrently.

On appeal, Gardner argues that the district court erred by concluding that his prior conviction for Residential Entry constitutes a "crime of violence." He contends that he should have been sentenced using a base offense level of 20, *see* U.S.S.G. § 2K2.1(a)(4)(A), rather than 24, *see id.* § 2K2.1(a)(2). We review the district court's conclusion de novo. *United States v. Brazeau*, 237 F.3d 842, 844 (7th Cir. 2001).

For purposes of § 2K2.1, "crime of violence" has the same meaning as in U.S.S.G. § 4B1.2(a). *See* U.S.S.G. § 2K2.1, comment. (n.1). Under § 4B1.2(a), an offense punishable

by a term of imprisonment greater than one year constitutes a crime of violence if it "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a) (emphasis added). In analyzing whether a particular offense qualifies as a crime of violence, the sentencing court may generally look only at the statutory elements and the charging instrument. *See United States v. Hoults*, 240 F.3d 647, 650 (7th Cir. 2001); *United States v. Shannon*, 110 F.3d 382, 384-85 (7th Cir. 2001) (en banc).

The relevant Indiana statute provides that "a person who knowingly or intentionally breaks and enters the dwelling of another person commits residential entry, a Class D felony." Ind. Code § 35-43-2-1.5 (1993). Residential Entry does not have as an element the use, attempted use, or threatened use of physical force against a person, and it is not one of the crimes enumerated in § 4B1.2(a). Thus, for Residential Entry to qualify as a crime of violence, it must satisfy the "otherwise" clause of § 4B1.2(a)(2). And to satisfy the "otherwise" clause, the particular offense must include "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

In *Howze*, we reasoned that flight from the police always constitutes a crime of violence because all flights from authorities entail risk of a violent encounter. *Howze*, 343 F.3d at 921-22. The government argues that, similarly to the offense analyzed in *Howze*, intentionally breaking and entering into a person's dwelling "presents an inherent risk of a violent encounter between the perpetrator and the resident of the dwelling." As support for its position, the government cites *United States v. Venegas-Ornelas*, 348 F.3d 1273 (10th Cir. 2003), and *United States v. Delgado-Enriquez*, 188 F.3d 592 (5th Cir. 1999), both of which hold

that a similar offense under Colorado law constitutes a "crime of violence" as defined in 18 U.S.C. § 16. Much like § 4B1.2(a), § 16 defines "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

In both cases cited by the government, the defendant was convicted of first-degree criminal trespass under Colo. Rev. Stat. Ann. § 18-4-502. *Venegas-Ornelas*, 348 F.3d at 1275-76; *Delgado-Enriquez*, 188 F.3d at 595. Similar to Indiana's Residential Entry statute, first-degree criminal trespass makes it a crime to knowingly and unlawfully enter or remain in the dwelling of another. *See Venegas-Ornelas*, 348 F.3d at 1276. In *Delgado-Enriquez*, the court concluded that first-degree criminal trespass is a crime of violence within the meaning of § 16(b) because, "[e]ntering or remaining in a dwelling of another creates a substantial risk that physical force will be used against the residents of the dwelling." *Delgado-Enriquez*, 188 F.3d at 595. The *Venegas-Ornelas* court, adopting the reasoning of *Delgado-Enriquez*, concluded that the defendant had committed a crime of violence and stated:

> A defendant will often encounter resistance either from occupants or structural barriers in "entering or remaining" in someone's dwelling unlawfully, regardless of the defendant's intent in being there. Therefore, there is still a substantial risk that a defendant will need to use force against people or property to either gain entry or remain in a dwelling unlawfully.

*Venegas-Ornelas*, 348 F.3d at 1278.

We agree with the reasoning of the Fifth and the Tenth Circuits in concluding that Residential Entry is a crime of violence because of the serious risk that an occupant could be injured. Residential Entry is a lesser-included offense of burglary, *Patterson v. State*, 729 N.E.2d 1035,

1043 (Ind. Ct. App. 2000), and residential burglary is a crime of violence, *see Taylor v. United States*, 495 U.S. 575, 599 (1990); U.S.S.G. § 4B1.2(a)(2). The Court in *Taylor* noted that a burglar entering a building "creates the possibility of a violent confrontation," and that the burglar's "awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape." *Taylor*, 495 U.S. at 588. Residential Entry is no different because Residential Entry likewise entails an entry into a residence without permission and presents the same risk of encountering an occupant. The perpetrator of a Residential Entry thus engages in conduct that presents a "serious potential risk of physical injury" to an occupant, *see* U.S.S.G. § 4B1.2(a)(2), and for purposes of § 4B1.2(a)(2) commits a "crime of violence."

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*