UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 5, 2005
Decided April 21, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

| | | |
|---|---|---|
| EDWIN MOSES GILL, | | Petition for Review of |
| | *Petitioner*, | an Order of the Board of |
| | | Immigration Appeals |
| No. 04-3008 | *v.* | |
| | | No. A45 603 758 |
| ALBERTO R. GONZALES, | | |
| | *Respondent*. | |

**O R D E R**

In August of 2003, Edwin Gill, a citizen of India, pleaded guilty to a charge of "residential entry," a felony under Indiana law. As a result of this conviction, the Department of Homeland Security commenced removal proceedings against Gill for having committed an "aggravated felony" under the Immigration and Nationality Act. After a hearing, an immigration judge concluded that the government failed to establish removability because, in his view, residential entry is not a "crime of violence" and therefore not an aggravated felony. The Board of Immigration Appeals, however, reversed and ordered removal, determining that the offense is indeed a crime of violence. Gill filed a timely petition for review.

Gill argues that the Board erred in finding removability. Aliens may be deported under 8 U.S.C. § 1227(a)(2)(A)(iii) if they are convicted of an "aggravated felony," which includes any crime of violence for which the term of imprisonment is one year, id. § 1101(a)(43)(F). A "crime of violence" includes an offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used . . . ." 18 U.S.C. § 16(b). Because Gill received more

than one year in jail, the only issue is whether the residential entry offense, Ind. Code § 35-43-2-1.5, by its nature involves a substantial risk of physical force. Gill says no, but that runs smack dab into United States v. Gardner, 397 F.3d 1021 (7th Cir. 2005). There, we concluded that the Indiana residential entry offense, which criminalizes knowingly or intentionally breaking and entering a dwelling, is a crime of violence because unauthorized entry into a residence presents a serious potential risk of physical injury to an occupant. 397 F.3d at 1024. This is true regardless of the defendant's intent in being there, as he will often encounter resistance from occupants or structural barriers in entering another's dwelling unlawfully. Id. at 1023.

At oral argument, defense counsel argued that Gardner is distinguishable and wrongly decided. In his view, Gardner is distinguishable because it did not involve § 16(b), but instead whether residential entry is a crime of violence under § 4B1.2(a) of the federal sentencing guidelines. See U.S.S.G. § 2K2.1, cmt. n.1 (2004) (cross-referencing the definition contained in U.S.S.G. § 4B1.2(a)). But the definitions of "crime of violence" in § 16(b) and § 4B1.2(a) are essentially the same, the former involving "physical force" and the latter "physical injury." Indeed, the Gardner court relied on cases that interpreted "crime of violence" under § 16(b) in concluding that residential entry qualified under § 4B1.2(a). See 397 F.3d at 1023-24 (citing United States v. Venegas-Ornelas, 348 F.3d 1273, 1278 (10th Cir. 2003), and United States v. Delgado-Enriquez, 188 F.3d 592, 595 (5th Cir. 1999)).

Gardner is not distinguishable, but is it wrong? We cannot say that it is, though we can certainly imagine scenarios where a defendant can be guilty of residential entry without a hint of violence. Think, for example, of a persistent salesman who gets one foot in the door before he is nonviolently rebuffed. But that is far from what transpired here--Gill broke into a home and beat up its occupant. Thus, we decline, given the facts of this case, to take a fresh look at Gardner, a decision announced just 2 months ago.

Gill's petition for review is DENIED.