IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-51030

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CARLOS ADAN GONZALEZ-UGARTE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-89

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Adan Gonzalez-Ugarte pleaded guilty to illegal reentry and was sentenced, inter alia, to 36 months' imprisonment. He challenges his sentence on two bases. AFFIRMED.

I.

Gonzalez was arrested in December 2005 while attempting to enter the United States illegally. In April 2006, he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. In doing so, he was informed, inter alia, he faced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing offense-level enhancements due to prior convictions. Subsequently, under the advisory Sentencing Guidelines, he received an eight-level enhancement because of a 1993 Idaho conviction for injury to children.

II.

Gonzalez challenges that enhancement, claiming the conviction was not an aggravated felony for purposes of Guideline § 2L1.2(b)(1)(C). He also challenges the enhancement provision in 8 U.S.C. § 1326(b).

A.

Consistent with the Guidelines now only being advisory, *United States v. Booker*, 543 U.S. 220 (2005), the district court stated correctly at sentencing that it could impose a sentence as long as it was "in compliance with the *voluntary* guidelines". (Emphasis added.) Because Gonzalez' assertion that his Idaho conviction was not an aggravated felony is raised for the first time on appeal, our review is even more limited; it is only for plain error.

Accordingly, he must show a clear or obvious error that affects his substantial rights; even if he does, we retain discretion to correct the error and generally will do so only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings'". *United States v. Olano*, 507 U.S. 725, 736 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)); *e.g.*, *United States v. Ochoa-Cruz*, 442 F.3d 865, 866-67 (5th Cir. 2006).

Section 2L1.2(b)(1)(C) provides for an eight-level increase to the offense level if the defendant was previously deported following an aggravated-felony conviction. For this guideline, the definition of "aggravated felony" is found at 8 U.S.C. § 1101(a)(43), which in turn incorporates the "crime of violence" definition in 18 U.S.C. § 16. A "crime of violence" is defined as either:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (emphasis added).

For determining whether an offense is a crime of violence, the statute of conviction, not the defendant's conduct in committing that offense, is considered. E.g., United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc). Gonzalez' 1993 injury-to-children conviction was in violation of Idaho Code § 18-1501(1). At that time, the statute provided:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years.

Idaho Code § 18-1501(1) (emphasis added).

"If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain [records, such as the charging document,] in order to determine which particular statutory alternative applies to the defendant's conviction." United States v. Bonilla-Mungia, 422 F.3d 316, 320 (5th Cir. 2005) (citing United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005)). Because the Idaho statute contains such subsections, it is appropriate to look to the information filed against Gonzalez by Idaho to determine under which subsection he pleaded guilty and was convicted. The Amended Prosecuting Attorney's Information charges Gonzalez with "inflicting . . . unjustifiable physical pain or mental suffering" upon his 15-year-old daughter "under circumstances likely to produce great bodily harm or death". (Emphasis added.)

The statute does not have as an element the actual, attempted, or threatened use of physical force, as required under the above-quoted 18 U.S.C. § 16(a). On the other hand, there is a crime of violence under subpart (b) for "a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense". Id. at § 16(b) (emphasis added).

Subpart (b) does not require that physical force "must occur in every instance; rather, a substantial risk requires only a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur". United States v. Velazquez-Overa, 100 F.3d 418, 420 (5th Cir. 1996) (quoting United States v. Rodriguez-Guzman, 56 F.3d 18, 20 (5th Cir. 1995)) (emphasis added). Gonzalez fails to show the district court committed plain error at sentencing by finding that an offense "likely to produce great bodily harm or death . . . by unlawfully inflicting upon [a] child unjustifiable physical pain or mental suffering" is a felony that involves a substantial risk that physical force may be used in the course of its commission. Moreover, even if Gonzalez had shown plain error, nothing about the imposition of the enhancement "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings".

## B.

Gonzalez additionally claims, again for the first time on appeal, that the felony and aggravated felony provisions of 8 U.S.C. § 1326 are unconstitutional. He concedes this contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve it for review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Almendarez-Torres, 523 U.S. at 235, held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

III.

For the foregoing reasons, the judgment is AFFIRMED.