# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2012

No. 11-20097

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELI AVILES PANIAGUA, also known as Eli Paniagua Aviles, also known as
Eli P. Aviles, also known as Eli Aviles-Paniagua,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
4:10-CR-00488

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eli Aviles Paniagua (Aviles) pled guilty to being illegally present in the
United States following deportation subsequent to a felony conviction, 8 U.S.C.
§ 1326(a), (b)(1).  On appeal, Aviles challenges the district court's sentence
enhancement under U.S.S.G. § 2L1.2(b)(1)(C), based on Aviles's previous
conviction of an aggravated felony.  We AFFIRM.  The Government's Motion to
Supplement the Appellate Record is DENIED AS MOOT.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20097

I

Aviles was indicted on one count of being illegally present in the United States following deportation subsequent to a felony conviction. At his rearraignment, Aviles admitted under oath that he previously had been convicted of engaging in organized criminal activity involving burglary of a motor vehicle, a felony offense. *See* TEX. PENAL CODE § 71.02(a)(1). The exchange between the court and Aviles was as follows:

| | |
|---|---|
| THE COURT: | So you were convicted of the offense in Hays County, Texas. What town is the county seat of Hays County where the courthouse is located. Do you remember? |
| THE DEFENDANT: | San Marcos. |
| THE COURT: | You were convicted of engaging in organized criminal activity, burglary of a vehicle there? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And that was in 2004. And then you had a probated sentence that was revoked, and you were put in prison for two years in June of 2005? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And then you were deported to Mexico in July of 2007? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And then you reentered the United States sometime after that? |
| THE DEFENDANT: | In 2008. |

No. 11-20097

Based on Aviles's prior conviction, the PSR recommended that his base offense level of eight be enhanced by eight levels under U.S.S.G. § 2L1.2(b)(1)(C). Aviles objected to the recommended enhancement. He argued that his prior conviction did not meet the definition of "aggravated felony" under § 2L1.2(b)(1)(C) because the underlying offense of burglary of a motor vehicle was a misdemeanor. He also contended that the gravamen of the offense is not the misdemeanor burglary but the unlawful conspiracy or combination, which, under the statute, has many prohibited objectives, not all of which are violent. Finally, Aviles argued that burglary of a motor vehicle is not within the generic definition of "burglary" encompassed by the Immigration and Nationality Act (INA) and the Sentencing Guidelines.

The district court overruled his objections and adopted the PSR, concluding that Aviles's conviction was an aggravated felony because it fell within the definition of a "crime of violence" under Section 1101(a)(43)(F) of the INA. After a three-level reduction for acceptance of responsibility, Aviles's total offense level was thirteen. Because he also had several previous Texas burglary convictions, his criminal history category was VI, resulting in an advisory range of 33 to 41 months' imprisonment. The district court sentenced him to 41 months in prison, followed by a three-year term of supervised release. Aviles filed a timely notice of appeal.

## II

We review a challenge to the application of the sentencing guidelines de novo, accepting the district court's factual findings unless clearly erroneous. *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995). "Defendants-appellants' sentences must be affirmed unless they were imposed in violation of law or were based upon an erroneous application of the Sentencing Guidelines." *United States v. Chapa-Garza*, 243 F.3d 921, 924 (5th Cir. 2001). We may affirm on any grounds supported by the record, even if not

relied on by the district court. *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009).

This court generally uses a categorical approach to determine whether an offense qualifies as an aggravated felony under § 2L1.2. *Chapa-Garza*, 243 F.3d at 924. Under the categorical approach, the court "looks to the elements of a prior offense, rather than to the facts underlying the conviction." *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). However, in a "narrow range of cases," where "the statute of conviction contains a series of disjunctive elements," the district court may employ a "modified categorical approach" and go beyond the elements of the offense to determine whether the defendant was convicted of an aggravated felony. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 297 (5th Cir. 2008). In these cases, we "may consider, in addition to the language of the statute, the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant has assented." *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006) (internal quotation marks omitted). If the documents we consider do not establish that the petitioner was "necessarily convicted of an aggravated felony," then we must find that the government has not met its burden. *Id.*

This case falls into that "narrow range of cases" where the modified categorical approach is appropriate, because the statute of conviction, Texas Penal Code § 71.02(a)(1), contains a number of disjunctive elements:

> (a) A person [engages in organized criminal activity] if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit one or more of the following: (1) . . . burglary of a motor vehicle . . . .

*Id.* For example, a defendant who possessed the necessary intent may be convicted under § 71.02(a)(1) for committing burglary of a motor vehicle or for

merely conspiring to do so. *See, e.g.*, *Renfro v. State*, 827 S.W.2d 532, 534 (Tex. App.–Houston [1st Dist.] 1992, pet. ref'd) ("[T]o be guilty of the offense of organized criminal activity, a defendant must commit or conspire to commit one of the enumerated crimes, and do so with the specific intent of participating in a group of at least [three] persons.").

However, the list of documents that, under the modified categorical approach, normally illuminate a defendant's prior conviction is of little help in this case: Aviles pled guilty without a written plea agreement; the rearraignment transcript, included in relevant portion above, makes only bare reference to the offense; and the indictment is not in the record before this court. Thus, with no facts in the record underlying Aviles's conviction except for the district court's indication that the conviction involved burglary of a motor vehicle, we are left to decide whether Aviles was "necessarily convicted of an aggravated felony" based solely on the elements of the prior offense. *See Larin-Ulloa,* 462 F.3d at 464. In other words, we must determine whether the "least culpable act" that violates the statute constitutes an aggravated felony. *See United States v. Reyes-Mendoza*, 665 F.3d 165, 166 (5th Cir. 2011).

III

Section 2L1.2(b)(1)(C) of the Sentencing Guidelines provide that "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony," his offense level should be increased by eight levels. U.S.S.G. § 2L1.2(b)(1)(C). Comment 3(A) states that "[f]or purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. 1101(a)(43)." § 2L1.2 cmt. n.3(A). Section 1101(a)(43) includes twenty-one different subsections under which an offense may qualify as an aggravated felony. *See* § 1101(a)(43)(A)-(U). The district court concluded that Aviles's prior conviction was an aggravated felony under subsection (F), which provides that an aggravated felony includes "a crime of violence (as

No. 11-20097

defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year[.]" § 1101(a)(43)(F). Section 16 of Title 18 defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

The statute of prior conviction, § 71.02(a)(1), clearly does not have "as an element the use, attempted use, or threatened use of physical force" and does not qualify as a crime of violence under § 16(a). Aviles notes that, in 1994, the Texas legislature reclassified burglary of a motor vehicle, TEX. PENAL CODE § 30.04, from a felony to a Class A misdemeanor. *See Rodriguez-Guzman*, 56 F.3d at 21. Aviles argues this removes his conviction from § 16(b)'s definition as well. However, §71.02(a)(1), not § 30.04, is at issue in this case, and engaging in organized criminal activity involving burglary of a motor vehicle under § 71.02(a)(1), as Aviles concedes, is still a felony. *See* TEX. PENAL CODE § 71.02(b).

The question remains whether engaging in organized criminal activity involving burglary of a motor vehicle under § 71.02(a)(1) carries the risk described in § 16(b). Where such an offense is based on the actual commission of burglary of a motor vehicle, it clearly does. In *Rodriguez-Guzman*, we concluded that a defendant's pre-1994 conviction for burglary of a motor vehicle was a crime of violence under § 16(b), reasoning as follows:

> By its very terms, subsection (b) requires only a substantial risk that physical force *may* be used during the commission of the crime. A substantial risk that an event *may* occur does not mean that it *must* occur in every instance; rather, a substantial risk requires only a strong probability that the event, in this case the application of physical force during the commission of the crime, will occur.

6

...
> As the facts surrounding Rodriguez's burglary convictions amply demonstrate, the burglary of a nonresidential building or of a vehicle often involves the application of destructive physical force to the property of another.

56 F.3d at 20.

Although, in this case, we do not have in the record the facts surrounding Aviles's prior conviction, and although *Rodriguez-Guzman's* conclusion has been undermined by Texas's reclassification of burglary of a vehicle, our statement that "burglary of a . . . vehicle often involves the application of destructive physical force to the property of another" remains true. Moreover, a defendant's possession of the intent described in § 71.02(a) does not lessen that risk. In fact, as the Government argues, the risk of physical force being used against the property of another may even be increased where a burglar also possesses "the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang." § 71.02(a).

As we noted above, however, a defendant may also be convicted under § 71.02(a)(1) for "conspir[ing] to commit . . . burglary of a motor vehicle." Aviles argues that a conspiracy offense does not carry the same risk as the underlying offense, and that engaging in a conspiracy, the "least culpable act" under the statute of conviction, is not a crime of violence. We disagree. In *United States v. Gore*, 636 F.3d 728 (5th Cir. 2011), we recently held that the Texas offense of conspiracy to commit aggravated robbery is a "violent felony" under the Armed Career Criminal Act (ACCA). The definition of a "violent felony" under the ACCA is similar to the "crime of violence" definition under § 16:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that --
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). We reasoned in *Gore* that, because Texas law "requires 'an overt act in pursuance of the agreement' as an element of a conspiracy conviction", the defendant could not have violated the conspiracy statute at issue without committing a "violent felony." *See Gore*, 636 F.3d at 736.

The same rationale applies in this case. The Texas Penal Code provides that:

> (a) A person commits criminal conspiracy if, with intent that a felony be committed:
> (1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and
> (2) he or one or more of them performs an overt act in pursuance of the agreement.

TEX. PENAL CODE § 15.02(a). This definition mirrors the Model Penal Code's definition of "conspiracy," which also requires "an overt act in pursuance of [the] conspiracy." MODEL PENAL CODE § 5.03(5). While Aviles's insinuation that the agreement element of a conspiracy will rarely involve the use of physical force may have some merit, a conspiracy in Texas is not complete until a conspirator commits an "overt act." This overt act need not be the first act in a burglary, but there is a substantial risk that it will be. Accordingly, an overt act in furtherance of a conspiracy to commit burglary of a motor vehicle "by its nature, involves a substantial risk that physical force against the . . . property of another may be used in the course of committing the offense." § 16(b). Furthermore, the risk associated with the commission of an "overt act" in furtherance of the conspiracy, like that associated with the burglary itself, does not decrease because a defendant enters into the conspiracy with the intent to engage in organized criminal activity described in § 71.02(a).

No. 11-20097

Finally, it does not matter in this case that some of the prohibited objectives in § 71.02(a)(1), like forgery, may not be crimes of violence. As discussed above, the modified categorical approach permits us to examine the record to determine which elements of the statute formed the basis for conviction. While the record does not indicate which elements of § 71.02(a) formed the basis for conviction, the rearraignment transcript establishes that the conviction was based on burglary of a motor vehicle under § 71.02(a)(1).

IV

In sum, an offense under § 71.02(a) for engaging in organized criminal activity involving burglary of a motor vehicle requires either commission of a burglary, or conspiracy to commit burglary, and in both cases the offense "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 16(b). Section 71.02(a)'s requirement that the defendant also possess "the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang" does not diminish this risk.

Accordingly, we AFFIRM the judgment of the district court. The Government's Motion to Supplement the Appellate Record is DENIED AS MOOT.