United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-60053
Summary Calendar

———————————————

MUHAMMAD NAVID ASRAR,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 961 229
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Muhammad Navid Assar, a native and citizen of Pakistan, petitions for review of the order of the Board of Immigration Appeals (BIA) adopting and affirming the immigration judge's (IJ) decision denying asylum relief and withholding of removal under the Immigration and Naturalization Act (INA) and the Convention Against Torture (CAT).

The REAL ID Act generally precludes judicial review of discretionary decisions of the Attorney General, including the grant or denial of a waiver of removability. 8 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1252(a)(2)(B)(ii); see Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006). The Act also precludes judicial review of any removal order against an alien who is removable based on commission of an aggravated felony. § 1252(a)(2)(C); see Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir. 2006), petition for cert. denied, 127 S. Ct. 40 (2006). However, none of these provisions "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review . . . ." § 1252(a)(2)(D).

This court also retains jurisdiction to determine whether the underlying facts deprive this court of jurisdiction. See Balogun v. Ashcroft, 270 F.3d 274, 278 (5th Cir. 2001). Asrar acknowledges that he was convicted of unlawful possession of ammunition in violation of 18 U.S.C. § 922(g)(5)(A) and 924(a)(2), but denies that this constitutes an aggravated felony for purposes of the INA. Thus, the jurisdictional facts that must be reviewed in this case are whether Asrar is an alien who is removable by reason of having committed an offense covered by 8 U.S.C. § 1252(a)(2)(C).

This court conducts a de novo review to determine whether the particular statue that the prior conviction is under falls within the relevant INA definition. Omari v. Gonzales, 419 F.3d 303, 306-07 (5th Cir. 2005). This "categorical approach" requires that this court look to the statute under which the petitioner was convicted, rather than the facts underlying the

conviction, and compare the statutory elements to the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43). <u>Larin-Ulloa v. Gonzales</u>, 462 F.3d 456, 463 (5th Cir. 2006).

Asrar was convicted for unlawful possession of ammunition in violation of § 922(g)(5)(A). Section 1101(a)(43), includes in its definition of "aggravated felony," an offense described in § 922(g)(5). <u>See</u> § 1101(a)(43)(E)(ii). Because the statute of conviction falls within the relevant INA definition, and because Asrar's petition fails to raise either a constitutional claim or a question of law, this court lacks jurisdiction to review Asrar's challenge to the BIA's decision affirming the IJ's denial of asylum relief and withholding of removal under the INA and CAT.

Accordingly, the petition is DISMISSED for lack of jurisdiction.