# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2012

No. 11-60837

Lyle W. Cayce
Clerk

FERNANDO ESCUDERO-ARCINIEGA

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:

This case arises from a finding that a lawful permanent resident of the United States' conviction of burglary of a vehicle under New Mexico's burglary statute rendered him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for committing a crime of violence. The petitioner seeks review of this finding, and further seeks review of the denial of his application for asylum, for withholding of removal, and for protection under the Convention Against Torture. The issue of whether burglary under the New Mexico statute necessarily constitutes a crime of violence is one of first impression in this Circuit. We conclude that it does, and accordingly deny relief as to this claim. Because we do not have jurisdiction over the petitioner's remaining claims, we dismiss them.

No. 11-60837

## I.

Fernando Escudero-Arciniega ("Escudero") is a native and citizen of Mexico and a lawful permanent resident of the United States. In 2006, Escudero pled guilty to burglary of a vehicle under New Mexico Statute § 30-16-03(B) and to larceny under § 30-16-01. Following numerous probation violations, the court revoked Escudero's probation and sentenced him to five years of imprisonment.

In 2010, the Department of Homeland Security served Escudero with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) on the basis of both his burglary and larceny convictions. The Immigration Judge ("IJ") found Escudero was indeed removable under § 1227(a)(2)(A)(iii) based on his burglary conviction, for having committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F). This provision defines an aggravated felony as, *inter alia*, a "crime of violence." The IJ found burglary of a vehicle under the New Mexico statute met this definition, as it involved "the serious risk that force may be used against a person or property of another during the commission of the offense."

Escudero further filed an application for asylum and withholding of removal and sought protection under the Convention Against Torture ("CAT"). The IJ first found the nature of Escudero's conviction rendered him statutorily barred from asylum or withholding, and further found that Escudero did not present evidence demonstrating "sufficient state action" to support his CAT claim. Accordingly, the IJ denied each of these claims.

On appeal to the Board of Immigration Appeals ("BIA"), the BIA dismissed Escudero's petition, concluding that his burglary conviction was an aggravated felony and the IJ properly denied the additional relief Escudero sought. The BIA agreed that Escudero's conviction for an aggravated felony precluded him from eligibility for asylum. The BIA declined to decide whether this conviction also rendered Escudero statutorily ineligible for withholding, instead relying upon

2

No. 11-60837

the IJ's alternative determination that Escudero failed to satisfy his burden of proof regarding both the withholding of removal and the CAT claims. Escudero timely petitioned for review.

## II.

Section 1252 governs the jurisdiction of federal courts over immigration proceedings. "[S]ection 1252(a)(2)(C) generally prohibits judicial review of 'any final order of removal against an alien who is removable by reason of having committed' certain designated criminal offenses, including an aggravated felony under § 1101(a)(43)[.]" *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460-61 (5th Cir. 2006). Section 1252(a)(2)(D), however, authorizes judicial review of "constitutional claims or questions of law." *Id.* at 461. Whether a predicate conviction is an "aggravated felony" is a question of law that we review *de novo*. *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005).

Accordingly, we have jurisdiction to review Escudero's argument that burglary of a vehicle under the New Mexico statute is not a "crime of violence," and thus not an aggravated felony, and we turn to this issue first. Section 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."[1] 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" is any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). At issue is whether burglary of a vehicle under the New Mexico statute satisfies these definitions.[2]

---

[1] It is undisputed that violation of New Mexico's burglary statute is a felony punishable by at least one year of imprisonment.

[2] "To determine whether an alien has committed an aggravated felony, courts look to the text of the statute violated, not the underlying factual circumstances." *Lopez-Elias v. Reno*, 209 F.3d 788, 792 (5th Cir. 2000). If, however, an alien pleads guilty under a divisible statute, at least one provision of which would not qualify as an aggravated felony, courts may

No. 11-60837

The relevant provision of the New Mexico burglary statute reads:

> B.     Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M. STAT. § 30-16-3(B).

Although we have not previously addressed this particular statute, we have examined the definition of burglary under Texas Penal Code § 30.04(a)—which imposes a materially identical standard—numerous times. The Texas statute states: "A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with the intent to commit any felony or theft." TEX. PEN. CODE § 30.04(a). When analyzing this statute, this Court has consistently found "burglary of a vehicle does constitute a 'crime of violence,' justifying deportation under § 1101(a)(43)(F)." *Lopez-Elias v. Reno*, 209 F.3d 788, 792 (5th Cir. 2000) (citing *United States v. Delgado-Enriquez*, 188 F.3d 592, 595 (5th Cir. 1999) (holding burglary of a vehicle is a crime of violence under 18 U.S.C. § 16(b)); *United States v. Ramos-Garcia*, 95 F.3d 369, 371 (5th Cir. 1996) (same); *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995), *overruled on other grounds as recognized in United States v. Turner*, 305 F.3d 349, 350 (5th Cir. 2002) (same)); *see also Santos v. Reno*, 228 F.3d 591, 597 n.13 (5th Cir. 2000) ("Because burglary of a vehicle involves 'a substantial risk' that physical force may be used against another's property, it is a 'crime of violence' as defined in 18 U.S.C. § 16"); *United States v. Paniagua*, No. 11-20097, 2012 WL 2849497, at *1 (5th Cir. July 11, 2012) (unpublished) ("Where . . . an offense is based on the actual

---

look to additional documents to determine whether his conviction "necessarily" fell under a particular subsection that does constitute an aggravated felony. *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464 (5th Cir. 2006). It is undisputed that Escudero pled guilty to § 30-16-3(B) of the New Mexico Statute.

4

No. 11-60837

commission of a burglary of a motor vehicle, it clearly" "carries the risk described in § 16(b).").

Just as there is a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense" under the Texas statute, burglary of a vehicle under New Mexico's statute entails a significant likelihood that force will be used against another's property. 18 U.S.C. § 16(b). Each statute requires that the criminal lack authorization to enter the vehicle—a requirement alone which will most often ensure some force is used—and that he intend to commit a felony inside. It is difficult to conceive of any principled, significant distinction between the requirements of each statute, and Escudero has made no attempt to articulate one. We will, therefore, follow our precedent[3] and find that burglary of a vehicle under the New Mexico statute constitutes a crime of violence, as the requirements this statute establishes are indistinguishable from those the Texas statute sets forth. *French v. Allstate Indem. Co.*, 637 F.3d 571, 589 (5th Cir.) (under our rule of orderliness, we are bound to follow prior precedent absent an intervening change in the law), *cert. denied*, 132 S. Ct. 420 (2011). Accordingly, we conclude that the BIA did not err in finding that Escudero's burglary conviction constituted an aggravated felony, and we deny Escudero's petition for review as to this ground.

## III.

Finally, we address Escudero's claims regarding his application for asylum, withholding of removal, and protection under the CAT. We conclude

---

[3] On appeal, Escudero does not reurge his argument that the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004), somehow alters the analysis here. In *Leocal*, the Court determined that "driving under the influence" is not a crime of violence. *Id.* at 4. However, it did not undo prior jurisprudence regarding burglary offenses. To the contrary, in discussing residential burglaries, it noted that "burglary, by its nature involves a substantial risk that the burglar will use force against a victim in completing the crime." *Id.* at 10.

5

No. 11-60837

that the BIA correctly determined that Escudero was statutorily precluded from receiving asylum, because he was indeed convicted of an aggravated felony under § 1101(a)(43)(F).[4]  8 U.S.C. § 1158(a)(2)(B)(i).  Because we uphold this determination, we lack jurisdiction to review any of Escudero's remaining claims.  8 U.S.C. § 1252(a)(2)(C).  None relates to a legal or constitutional issue.  Aside from his arguments regarding the aggravated felony conviction, Escudero asserts only factual issues on appeal, contending that he met his burden of proof before the IJ.  Because we do not have jurisdiction to review factual determinations made pursuant to removal orders based upon an aggravated felony, we dismiss Escudero's petition for review of the BIA's denial of asylum, withholding, and protection under the CAT.

DENIED in part; DISMISSED in part.[5]

---

[4] Because of this finding, Escudero's argument that he is not removable because the IJ found he did not commit an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) is of no consequence.  The IJ did properly find Escudero committed an aggravated felony under § 1101(a)(43)(F).

[5] Judge Benavides concurs in the result because as stated in the court's opinion there is no principled, significant distinction between the burglary of vehicle statute in question and the Texas burglary of vehicle statute; accordingly, the panel is bound by our prior precedent.