# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2013

Lyle W. Cayce
Clerk

No. 12-60356
Summary Calendar

JOGA SINGH JOHAL,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A092 183 438

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joga Singh Johal, a native and citizen of India, petitions for review of the Board of Immigrations Appeals' (BIA) both upholding the Immigration Judge's (IJ) denying his application for relief under the Convention Against Torture (CAT), and denying his subsequent motion to reopen the removal proceeding. Johal contends: he was denied due process in the CAT and motion-to-reopen proceedings; the BIA applied an incorrect legal standard when considering his motion to reopen; the BIA abused its discretion in denying the motion to reopen

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on ineffective-assistance-of-counsel grounds; and the BIA erroneously found he did not establish the requisite probability of torture for CAT relief.

Constitutional or legal claims raised before the BIA on appeal from an IJ's denying relief under CAT are reviewed *de novo. E.g.*, *Bouchikhi v. Holder,* 676 F.3d 173, 180 (5th Cir. 2012). Such claims raised before the BIA in a motion to reopen are reviewed under "a highly deferential abuse-of-discretion standard". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Because Johal is removable as an alien convicted of an aggravated felony (controlled-substance offense), we have jurisdiction to review only constitutional or legal questions. 8 U.S.C. § 1252(a)(2)(C), (D) (review for certain felons' immigration claims limited to constitutional or legal issues); *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460-61 (5th Cir. 2006).

Regarding his due-process claim, Johal asserts the IJ excluded from the record the supporting documentation for his claim, after finding it was filed untimely. Although the Government maintains Johal failed to exhaust this claim before the BIA, we assume without deciding that the question is properly before us, and overrule it on another basis. *Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009).

Johal's counsel acknowledged during the 19 October 2011 removal hearing he had been advised of: the 5 October 2011 deadline for filing supporting documentation; and, the consequences of missing that deadline. Counsel conceded the documents were untimely and should not be accepted into the record. Further, Johal "never requested a continuance or objected [to the filing deadline] during the proceedings before the IJ". *Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008). Thus, Johal waived his due-process claim. *E.g.*, *id.*

Even if not waived, Johal was required to "show substantial prejudice" to establish a due-process violation. *Bouchikhi,* 676 F.3d at 180. His conclusory assertions of how the documents would have corroborated his claim are insufficient to establish substantial prejudice. *E.g.*, *Wang*, 569 F.3d at 539 n.6.

Further, the BIA declined to consider the due-process claim in Johal's motion to reopen because "a motion to reopen is not an opportunity to repeat previously considered and rejected arguments". The BIA did not abuse its discretion. *E.g.*, *Gomez-Palacios*, 560 F.3d at 358; *In re O-S-G*, 24 I. & N. Dec. 56, 57-58 (BIA 2006); *see also* 8 U.S.C. § 1229a(c)(7)(B) (requiring a motion to reopen to "state the new facts that will be proven at a hearing to be held if the motion is granted").

Regarding his incorrect-legal-standard claim relating to his motion to reopen, Johal contends the BIA inserted a nonexistent requirement that the torture by police be sanctioned officially by other public officials. However, the BIA recognized a likelihood of torture by Indian police would qualify Johal for relief under the CAT; it denied relief in part because he failed to establish "that the police have maintained interest in him since 2004 when his wife visited India". Johal fails to show application of an incorrect standard.

Johal also contends the BIA erroneously required a nexus between his religion or political affiliation and the likelihood of torture in denying his attempt to introduce new evidence from a news article in the motion to reopen. The BIA ruled Johal had not "sufficiently demonstrated that the news article is relevant to his claims, where it does not reference torture of Sikhs or [Akali Dal Khalsa] activists". Rather than requiring a nexus between the torture and a protected ground, the BIA was evaluating the relevance of the article to Johal's asserting he is likely to be tortured because of his past involvement with Akali Dal Khalsa, a Sikh separatist party. He fails to show the BIA abused its discretion in denying the motion to reopen on this basis. *E.g.*, *Gomez-Palacios*, 560 F.3d at 358.

Regarding his ineffective-assistance-of-counsel claim, Johal asserts his counsel failed to seek an extension to file supporting documents. In denying Johal's motion to reopen, the BIA stated it would not "question prior counsel's strategic decision to not pursue a continuance, where he was seeking to

minimize the respondent's time in detention". The BIA further determined the failure to obtain a continuance did not prejudice Johal "because the documents would not have changed our conclusion that the respondent did not establish that he is more likely than not to be tortured". Johal has not shown abuse of discretion. *E.g.*, *Gomez-Palacios*, 560 F.3d at 358.

Regarding the merits of his CAT-relief claim, Johal contests the BIA's finding he failed to establish the requisite probability of torture, which he raised in both his appeal to the BIA and his motion to reopen. Eligibility for relief under the CAT is a factual decision. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Accordingly, we lack jurisdiction to review the BIA's denying it. *E.g.*, 8 U.S.C. § 1252(a)(2)(C); *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012); *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004).

DENIED in part and DISMISSED in part.