# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60516
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2014

Lyle W. Cayce
Clerk

ALEX NOE VERGARA-MALDONADO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 672 029

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alex Noe Vergara-Maldonado, a native and citizen of Honduras, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) summarily affirming the denial of his application for withholding of removal and relief under the Convention Against Torture (CAT). The immigration judge (IJ) determined that Vergara-Maldonado was subject to removal based upon convictions for a controlled substance offense and an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated felony offense.  The IJ further determined that the testimonial and documentary evidence presented by Vergara-Maldonado was insufficient to establish his eligibility for withholding of removal and CAT relief.

In his petition for review, Vergara-Maldonado does not challenge the basis for the underlying removal order.  Rather, he argues that the IJ's decision denying him relief was erroneous and that the BIA erroneously applied the summary affirmance procedures set forth in 8 C.F.R. § 1003.1(e)(4).

An alien's eligibility for withholding of removal and CAT relief is a factual conclusion that is ordinarily reviewed for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Because Vergara-Maldonado is removable due to convictions for an aggravated felony and a controlled substance offense, this court lacks jurisdiction to consider whether substantial evidence supported his withholding of removal and CAT claims.  *See* 8 U.S.C. § 1252(a)(2)(C); *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012).  With respect to Vergara-Maldonado's argument that his case should not have been summarily affirmed because it did not meet the regulatory requirements set forth in § 1003.1(e)(4), we decline review pursuant to *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 662 (5th Cir. 2003).

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.