# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2014

No. 13-60767
Summary Calendar

Lyle W. Cayce
Clerk

LIMROD MELVIN HENRY,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A035 218 158

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Limrod Melvin Henry, a native and citizen of Antigua and Barbuda, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his untimely motion to reopen removal proceedings which found him ineligible for relief under the Convention Against Torture (CAT). Henry asserts that the BIA erred in denying his request to reopen his removal proceedings for withholding of removal under CAT based on changed country

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions.   The Government contends that this court lacks jurisdiction to review the petition.

Henry's removal results from his conviction of an aggravated felony. Henry does not dispute that he was convicted of an aggravated felony.  Due to Henry's aggravated felony conviction, our review is limited by statute to constitutional or legal claims.  *See Siwe v. Holder*, 742 F.3d 603, 607 (5th Cir. 2014); 8 U.S.C. § 1252(a)(2)(C) & (D).   In this context, we do not have jurisdiction to review factual determinations made by the BIA.  *See Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012).   Thus in *Escudero-Arciniega*, we dismissed for lack of jurisdiction an aggravated felon's petition for review of a denial of CAT relief where the challenge was based on fact issues. *Id.*   In contrast, we refused to dismiss for lack of jurisdiction an aggravated felon's petition for review of denial of CAT relief where the challenge was based "on three carefully framed and discrete legal questions." *Sealed Petitioner v. Sealed Respondent*, No. 13-60157, 2014 WL 1814211, at *2-3 (5th Cir. May 6, 2014) (unpublished).  In this case, after reviewing Henry's brief, we are persuaded that Henry is challenging the BIA's factual determinations.  And since we "would not have had the authority to review a direct petition," Henry "cannot manufacture jurisdiction simply by petitioning this court to review the BIA's denial of his motion to reopen."  *See Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

Accordingly, Henry's petition for review is DISMISSED for lack of jurisdiction.