# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60289
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2015

Lyle W. Cayce
Clerk

MUHAMMAD NAVID ASRAR,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 961 229

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Muhammad Navid Asrar, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his untimely motion to reopen removal proceedings, in which he unsuccessfully sought withholding of removal and relief under the Convention Against Torture. Asrar moved to reopen based on an alleged breach of confidentiality, which he asserted resulted in changed conditions or circumstances in Pakistan.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60289

Asrar asserts:  the BIA's rejection of his claim that the removal proceedings should be reopened based on his breach-of-confidentiality claim was arbitrary and contrary to law; and the BIA erred in concluding there was no evidence of a breach, and in determining he failed to show changed-country conditions.

Asrar was convicted of an aggravated felony (unlawful possession of ammunition) and sentenced to 42 months' imprisonment.  Subsequently, he was ordered removed to Pakistan.  His petition for review was dismissed for lack of jurisdiction because he was removable as an alien who had been convicted of an aggravated felony and failed to raise a constitutional claim or a question of law.  *Asrar v. Gonzales*, 229 F. App'x 326 (5th Cir. 2007). Therefore, with respect to the denial of Asrar's motion to reopen, we have jurisdiction to review only constitutional and legal questions.  *E.g., Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012).

Whether the BIA erroneously weighed or ignored evidence regarding changed conditions in Pakistan, which Asrar alleged resulted from the purported confidentiality breach, and whether the evidence Asrar presented established such changed conditions, are questions of fact and do not raise either a constitutional or legal question.  *E.g., id.*

DISMISSED.