# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2017

Lyle W. Cayce
Clerk

No. 15-60806
Summary Calendar

MAHBOD GHAZAN FARI, also known as Max Fari,

Petitioner

v.

DANA BOENTE, ACTING U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 154 309

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mahbod Ghazan Fari, a native and citizen of Iran, petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying his untimely motion to reopen removal proceedings in which he was found ineligible for withholding of removal and relief under the Convention Against Torture ("CAT"). Fari asserts that the BIA erred in denying his request to reopen his removal proceedings for withholding of removal under the CAT

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on changed country conditions.   The Government contends that this court lacks jurisdiction to review the petition.

The order for Fari's removal results from his conviction of an aggravated felony.   Fari does not dispute that he was convicted of an aggravated felony. Due to Fari's aggravated felony conviction, our review is limited by statute to constitutional or legal claims.   *See* 8 U.S.C. § 1252(a)(2)(C) & (D); *Siwe v. Holder*, 742 F.3d 603, 607 (5th Cir. 2014).   In this context, we do not have jurisdiction to review factual determinations made by the BIA.   *See Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012).   In the instant matter, Fari is challenging only the BIA's factual determinations.   Because we "would not have had the authority to review a direct petition," Fari "cannot manufacture jurisdiction simply by petitioning this court to review the BIA's denial of his motion to reopen." *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

Fari's petition for review is DISMISSED for lack of jurisdiction.