# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2017

Lyle W. Cayce
Clerk

No. 16-60146
Summary Calendar

MARINO SANDOVAL-RAMIREZ, also known as Marino Sandoval,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A008 779 769

Before JOLLY, SMITH, and GRAVES, Circuit Judges.
PER CURIAM:[*]

Marino Sandoval-Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) order dismissing his appeal and affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal.

Sandoval-Ramirez contends that he preserved his challenge to the removability determination by raising it at a bond hearing and in his brief to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60146

the BIA.  He did not preserve this issue before the IJ or BIA and, therefore, the claim is unexhausted.  *See* 8 C.F.R. § 1003.19(d); 8 U.S.C. § 1252(d)(1).

Challenging the determination that he was ineligible for cancellation of removal based on an aggravated felony conviction, Sandoval-Ramirez urges that the determination was based on an incomplete state record and that his state felony conviction was reduced to a misdemeanor.  We do not have jurisdiction to consider these factual questions.  *See* § 1252(a)(2)(D); *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012); *Vasquez-Martinez v. Holder*, 564 F.3d 712, 716 (5th Cir. 2009).  In addition, Sandoval-Ramirez's argument that the definition of aggravated felony under 8 U.S.C. § 1101(a)(43) cannot be applied retroactively to his conviction is unavailing.  *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 324 (5th Cir. 2007).

Although Sandoval-Ramirez urges that he is entitled to a waiver of removal under former Immigration and Nationality Act § 212(c), he has shown no reason for this court to remand the matter for such relief given that he previously did not avail himself of the opportunity to file a waiver application.  He also contends that he should have been eligible for cancellation of removal because his prior convictions for financial crimes did not qualify as aggravated felonies.  However, the IJ and BIA did not consider these convictions when determining whether he was eligible for cancellation of removal.

Sandoval-Ramirez argues that the BIA violated his due process rights when it sustained the IJ's decision because the IJ did not hold an evidentiary hearing on his application for cancellation of removal and denied him release on bond and a change of venue.  He also asserts that the BIA violated his due process rights by not convening a three-member panel to review the IJ's decision.  These claims fail as there is no constitutionally protected liberty or property interest in obtaining discretionary relief in the form of cancellation of

No. 16-60146

removal.  *See Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

The petition for review is DENIED.