**REVISED OCTOBER 31, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60618
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2017

Lyle W. Cayce
Clerk

MA DOLORES SOTO CASTRO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 286 821

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ma Dolores Soto Castro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal and affirming the Immigration Judge's (IJ) order denying her applications for waiver of inadmissibility, adjustment of status, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60618

sole argument on appeal is that the BIA and IJ erred in determining, in connection with her request for withholding of removal, that her claimed membership in a protected social group was limited to the group comprised of Americanized Mexican returnees and did not include a claim based on family ties.

Soto Castro briefs no argument challenging the denial of her requests for a waiver of inadmissibility, adjustment of status, asylum, or relief under the CAT, and she has therefore abandoned any such challenge. *See Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). She likewise does not dispute that her prior alien smuggling conviction is an aggravated felony or that she is removable based on that conviction. *See Sama*, 669 F.3d at 589; *Soadjede*, 324 F.3d at 833.

Because Soto was removable as an aggravated felon, this court has jurisdiction to consider only constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (a)(2)(D); *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006). Soto's petition raises neither a legal nor constitutional question. We lack jurisdiction to consider her fact-based argument. *See Siwe v. Holder,* 742 F.3d 603, 613 (5th Cir. 2014); *Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012). Accordingly, the petition for review is DISMISSED for lack of jurisdiction.