# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2017

Lyle W. Cayce
Clerk

No. 15-60804
Summary Calendar

SAID ACOSTA NEPOMUCENO, also known as Said Acosta,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 135 020

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Said Acosta Nepomuceno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal, regarding the Immigration Judge's (IJ) order pretermitting his application for cancellation of removal. He claims the BIA and IJ erred in concluding he could not meet the required seven years of continuous residency after finding he was

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60804

paroled into the United States, but not admitted in any status, prior to his 17 August 2005 adjustment to lawful permanent resident.

Nepomuceno does not dispute the finding he was removable according to 8 U.S.C. § 1227(a)(2)(B)(i) based upon his convictions for offenses involving controlled substances and has, therefore, abandoned any challenge on that basis. *Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). And, because Nepomuceno is removable as a criminal alien, we have jurisdiction to consider only constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); *Brieva-Perez v. Gonzales*, 482 F.3d 356, 359 (5th Cir. 2007).

Accordingly, we lack jurisdiction to consider Nepomuceno's fact-based claims. *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012); *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007). Moreover, we lack jurisdiction to consider whether the IJ should have made an adverse inference regarding the Government's failure to produce a more substantial immigration file because, by failing to raise the issue before the BIA, Nepomuceno did not exhaust his administrative remedies. 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

To the extent Nepomuceno raises a question of law by asserting he was admitted in any status when immigration officials allegedly "waved" him through inspection, his claim is without merit because the IJ expressly concluded he was paroled into the country, not admitted; therefore, because we lack jurisdiction for this fact-based claim, the question of his "status" is immaterial. *Tula-Rubio v. Lynch*, 787 F.3d 288, 290–91 (5th Cir. 2015).

DENIED in part and DISMISSED in part.