# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60517
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

ZHONG QIN YANG, also known as Yang Zhongqin,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A093 408 583

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:*

Zhong Qin Yang petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. The Government argues that the petition should be dismissed for lack of jurisdiction.

In general, we have jurisdiction to review a final order of removal. *See* 8 U.S.C. § 1252(a)(1), (a)(5), (b)(9). However, we lack jurisdiction to review a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal order against an alien, like Yang, who is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on the commission of an aggravated felony. *See* § 1252(a)(2)(C) ("no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony); *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006). Nevertheless, review remains available for constitutional claims or questions of law raised in a petition for review. § 1252(a)(2)(D); *see Marquez-Marquez*, 455 F.3d at 560-61; *see also Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir. 2006).

Yang argues that the BIA stated the correct standard, but it did not apply the correct standard; however, he does not specifically explain why the BIA's application of the standard was incorrect. Yang argues primarily that the BIA's denial of his motion to reopen was an abuse of discretion because he established his prima facie eligibility for relief under the Convention Against Torture (CAT). Whether an alien has demonstrated eligibility for CAT protection is a factual determination that this court reviews for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Because Yang was removable as an alien convicted of an aggravated felony and because his argument amounts to a challenge of the BIA's factual determination, we lack jurisdiction to consider Yang's petition. 8 U.S.C. §§ 1252(a)(2)(C), 1252(a)(2)(D); *Siwe v. Holder*, 742 F.3d 603, 613 (5th Cir. 2014); *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012). Accordingly, Yang's petition for review is DISMISSED for lack of jurisdiction.