# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2018

Lyle W. Cayce
Clerk

No. 17-60409
Summary Calendar

GEORGE CHUKWUKA CHIMA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 577 012

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Nigerian George Chukwuka Chima petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order denying his request for deferral of removal under the Convention Against Torture (CAT) and ordering him removed. The Government has moved to dismiss the petition for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60409

Chima contends that the IJ erred in finding that he failed to demonstrate any past torture or likelihood of future torture by the Nigerian government or with its acquiescence and that he thus failed to carry his burden of showing entitlement to deferral of removal under the CAT.  He faults the IJ and the BIA for failing to consider some of the evidence he presented, including his testimony concerning a church bombing, his attempted kidnapping, and articles he attached to his application for relief.  However, because Chima was removable as an alien convicted of an aggravated felony and because his argument amounts to a challenge to the IJ's and BIA's factual findings, this court lacks jurisdiction to consider the claim.  8 U.S.C. §§ 1252(a)(2)(C), 1252(a)(2)(D); *Siwe v. Holder*, 742 F.3d 603, 613 (5th Cir. 2014); *Escudero-Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012).

To the extent that Chima seeks to challenge the IJ's determination that his aggravated felony conviction was a particularly serious crime and that he was thus ineligible for asylum and withholding of removal, this court may likewise not consider the claim.  Chima affirmatively waived any such challenge by conceding, through counsel, that the conviction was a particularly serious crime and that he was ineligible for all relief save deferral of removal under the CAT.  Alternatively, because Chima did not raise the argument before the BIA, it is unexhausted, and this court lacks jurisdiction to consider it.  *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

If his petition for review and brief are liberally construed, Chima asks this court both to overturn the district court's denaturalization judgment revoking his citizenship and to vacate his underlying fraud conviction.  Because he did not raise these arguments before the BIA, they are similarly unexhausted, depriving this court of jurisdiction.  *See Wang*, 260 F.3d at 452.  Moreover, any challenge to the denaturalization and fraud conviction

2

judgments in this immigration proceeding would be barred by collateral estoppel. *See Medina v. INS*, 993 F.2d 499, 503 n.15 (5th Cir. 1993); *see also Zinnanti v. INS,* 651 F.2d 420, 421 (5th Cir. 1981).

Chima also asserts that counsel was ineffective. Although he raised an ineffective assistance claim before the BIA, he urged that counsel had been ineffective at the merits hearing in failing to pursue an asylum claim and failing to present sufficient evidence of his persecution at the hands of Boko Haram. He has abandoned that claim, along with any challenge to the BIA's reasons for rejecting it, by failing to brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Instead, Chima now asserts that trial counsel was ineffective during the plea process in his underlying criminal proceedings. As with his previous claims, this court lacks jurisdiction to consider it as it was not first exhausted before the BIA. *See Wang*, 260 F.3d at 452.

Accordingly, the Government's motion to dismiss is GRANTED, and the petition for review is DISMISSED for lack of jurisdiction. Chima's motion for the appointment of counsel is DENIED.